**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| LEONARD F. BRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:20-03381-CV-RK |
| | ) | |
| U.S. DEPARTMENT OF TREASURY | ) | |
| BUREAU OF FISCAL SERVICES, U.S. | ) | |
| DEPARTMENT OF EDUCATION, JOHN | ) | |
| DOE 1 - 10, JANE DOE 1-10, | | |
| | | |
| Defendants. | | |

## ORDER

Before the Court is Defendants' motion to dismiss. (Doc. 11.) The motion is fully briefed. (Docs. 11, 14, 15.) For the reasons set forth below, the motion is **GRANTED.**

## Background

The present case ("*Bright V*") is the latest of several cases brought by Plaintiff Leonard F. Bright. The most relevant cases key to the present motion are: (1) *Bright v. United States*, No. 10-3264-CV-S-GAF, 2010 WL 6823657 (W.D. Mo. Dec. 2, 2010) ("*Bright I*") (dismissing Plaintiff's action because the court did not have subject matter jurisdiction to hear Plaintiff's challenges to a $410,221.06 levy on Plaintiff's wages for failure to exhaust administrative remedies and because Plaintiff failed to allege any facts to support a section 1983 or 1985 claim), *aff'd*, No. 11-1082, 2011 WL 2306002 (8th Cir. June 13, 2011) ("*Bright II*"), and (2) *Bright v. U.S. Dep't of Treasury*, No. 6:18-03090-CV-RK, 2018 WL 4926307 (W.D. Mo. Oct. 10, 2018) ("*Bright III*") (dismissing request for return of money taken for failure to exhaust administrative remedies and request for injunctive relief and money damages as barred by sovereign immunity), *aff'd*, No. 19-3417, 2019 WL 2152671 (8th Cir. May 13, 2019) (*"Bright IV"*).

On December 1, 2017, Bureau of Fiscal Services ("BFS") mailed notice to Plaintiff that it withheld $247.35 from his Social Security benefits to offset[1] his unpaid tax debt. (Doc. 11-4 at

---

[1] The Treasury Offset Program allows any federal agency holding legally enforceable nontax debt that is over 120 days overdue to refer it to the Department of Treasury following failed attempts at collection. 31 U.S.C. § 3716(a). If the Department of Treasury finds a debtor is due to receive a federal benefit, it will instead withhold the amount and apply it to the debt, subject to certain limitations. § 3716(c)(7)(A). This withholding is the "offset."

1.)  On January 3, 2018, BFS mailed notice to Plaintiff that it withheld $252.30 to offset his unpaid student loan debt with Defendant Department of Education ("Education") in addition to the continuing tax offset.  (Doc. 11-4 at 2-3.)  After asking his local Social Security office about the withholdings on January 15, 2018, Plaintiff brought *Bright III*.  Plaintiff accused Defendants Education and BFS, located within Department of Treasury ("Treasury"), of improperly using the Treasury Offset Program ("TOP"), authorized under 31 U.S.C. § 3716, to offset his Social Security benefits.  *Bright III*, 2018 WL 4926307, at *2.  Plaintiff contended the offset violated his due process rights because Education failed to provide him proper prior notice of its intent to use TOP to offset his Social Security payments and because BFS offset too much of his benefit payment. *Id.*  In his action, Plaintiff requested return of all money offset, an injunction against future offsets of his Social Security payments, and $5,000,000 in damages.  *Id.*  The Court dismissed the case for lack of subject matter jurisdiction.  *Id.* at *3.  First, the Court determined Plaintiff failed to allege exhaustion of his administrative remedies—a prerequisite to sue under TOP.  *Id.*, at *2. Second, the Court determined it could not entertain the request for injunctive relief because Plaintiff did not adequately allege Defendants waived sovereign immunity.  *Id.*  Finally, the Court determined Plaintiff had not adequately alleged the Defendant government agencies had waived sovereign immunity from constitutional torts claims.  *Id.*  Finding none of Plaintiff's claims survived the motion to dismiss, the Court dismissed the action without prejudice.  *Id.*, at *3.

On June 6, 2019, after the dismissal of *Bright III*, Treasury placed a new lien on Plaintiff's property following Plaintiff's alleged failure to pay $12,712.96 in taxes from the tax period ending on December 31, 2006.  (Doc. 1-1 at 5.)  Plaintiff received mailed notification of the lien on June 18, 2019.  (Doc. 1-1 at 9.)  Plaintiff appears to believe this notice is the Treasury's attempt to provide belated notice of its intent to offset his benefits: "This was received 19 months after the defendant levied plaintiffs [sic] Social Security benefits."  (Doc. 1-1 at 10.)  Plaintiff claims he then called the contact number listed on the 2019 lien notice and successfully disputed and resolved the lien in "just a few minutes."  (Doc. 14 at 2.)  He further claims the Treasury agent he spoke with told him the BFS's actions were illegal: "blow[ing] the whistle on the action of the [BFS]." (*Id.*)  Plaintiff does not specify any illegal BFS action or provide any basis for why the agent thought any BFS action was illegal.  Defendants respond that Education properly sent Plaintiff

certified mail notice of its intent to offset to Plaintiff's last known address of record in 2009, but the offset notice was returned as undeliverable.[2]  (Doc. 11 at 5.)

Based on these facts and certain facts from *Bright III*,[3] of which the Court takes judicial notice, Plaintiff now sues Education and BFS in addition to several John and Jane Does, presumably agency employees, requesting the Court "dismiss all claims, return all property seized, pay for lost items when plaintiff was unable to pay for storage unit, costs and fees." (Doc. 1-1 at 8.)  Plaintiff alleges an amount in controversy of $3,018,662.90, attaching a letter sent to Treasury in 2006 asserting Treasury owed Plaintiff the amount because of past acts of fraud.[4]  (Doc 1-1 at 4, 6-7.)  While Plaintiff does not outline formal claims against any party, he invokes jurisdiction against BFS and Education under 28 U.S.C. §§ 1343 and 1346 and against the John and Jane Does under 42 U.S.C. § 1983 and I.R.C. § 7433.  (Doc. 1-1 at 3.)  Defendants move to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (Doc. 11 at 14-15.)

## Legal Standard

Federal courts are "courts of limited jurisdiction" with "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Plaintiffs bear the burden of proving jurisdiction exists. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019) (citation omitted).  Parties may move to dismiss any claim lacking subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A court must dismiss any claim lacking subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

A challenge under 12(b)(1) may present either a "facial attack or a factual attack." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007).  In a facial challenge, like this case, the court must accept all factual allegations in the complaint as true, draw all inferences in the plaintiff's favor, and grant the motion to dismiss only if the plaintiff fails to allege an element necessary for subject matter jurisdiction.  *Young. Am. Corp. v. Affiliated Computer Servs., Inc.*, 424 F.3d 840, 843-44 (8th Cir. 2005).

---

[2] Education admits it does not have the returned letter from 2009 or any evidence it ever existed. (Doc. 11 at 5.)
[3] Plaintiff disputes the same January 2018 offset both here and in *Bright III*.  In this case, Plaintiff does not dispute the February 2018 offset but does dispute an offset made in December 2017.  The differences between the three offsets do not materially affect the relevant issues in the present case.
[4] Plaintiff provides no evidence of any fraud action or judgment against Treasury for any amount.

Sovereign immunity is a threshold jurisdictional issue. *See Amerind Risk Mgmt. Corp. v. Malaterre*, 633 F.3d 680, 686 (8th Cir. 2011). The United States enjoys sovereign immunity to all civil lawsuits except when Congress has waived it specifically and unequivocally. *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). All alleged waivers of sovereign immunity are construed in favor of the United States. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1990).

Regarding Defendants' 12(b)(6) motion, a motion to dismiss for failure to state a claim requires the Court to view the allegations in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). While the allegations need not be detailed, the Court requires Plaintiff to allege facts that raise more than a speculative right to relief. *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008). Failure to allege an element of a claim (or specific facts demonstrating it) will result in its dismissal. *See Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 555 (2007).

## Discussion

Defendants argue Plaintiff's claims against Education and BFS seeking monetary damages and injunctive relief are barred by sovereign immunity and should, therefore, be dismissed for lack of subject matter jurisdiction because Plaintiff failed to satisfy several statutory prerequisites for its waiver. Regarding Plaintiff's similar claims against individual employees, Defendants argue the Court lacks subject matter jurisdiction over employee collection efforts because Plaintiff has failed to exhaust his administrative remedies. Defendants also argue Plaintiff has not alleged any individual wrongdoing necessary to support a deprivation of due process claim.

After review, the Court agrees with Defendants that sovereign immunity and failure to exhaust administrative remedies bar Plaintiff's requests for return of his "seized property," presumably the offset Social Security benefits, against BFS. While Treasury and its subdivisions have waived sovereign immunity to be sued for improperly collected taxes under 28 U.S.C. 1346(a), the waiver applies only when an action is brought "in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990). That includes paying the disputed tax in full and requesting a refund. I.R.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery…, of any sum alleged to have been excessive or in any manner

wrongfully collected, until a claim for refund or credit has been duly filed…."); *Cherin v. United States*, 149 F.3d 805, 813 (8th Cir. 1998) ("[I]t is plain that the filing of a timely refund claim with the IRS in accord with section 7422(a) is a prerequisite to maintaining a tax refund suit."). Plaintiff here does not assert in his pleadings he has attempted to do either. Therefore, sovereign immunity bars jurisdiction over Plaintiff's claim against BFS for return of the offset benefits. Section 7422(a) also acts as a statutory bar that prevents the Court from exercising jurisdiction over any collection-related claims against individual BFS employees in this case.

The Court also lacks subject matter jurisdiction over Plaintiff's claim against Education to return his offset payments due to Plaintiff's failure to exhaust administrative remedies. As a prerequisite for the Court to exercise jurisdiction in TOP cases, Plaintiff must first contact the agency referring the outstanding debt in an attempt to resolve it—Education in this case. *See Bright III*, 2018 WL 4926307, at *2 n.2 (citing *United States v. Beulke*, 892 F. Supp. 2d 1176, 1187 (D.S.D. 2012)) (determining Plaintiff had not exhausted his administrative remedies under TOP in part because he had not contacted the Education number listed on a letter notifying him of the impending offset to schedule an administrative hearing). While Plaintiff alleged he reached out to his "local Social Security office" to learn why the IRS offset his Social Security benefits (Doc. 1-1 at 9), and separately called a Treasury official regarding the 2019 income tax lien against his property (Doc. 14 at 2), neither demonstrates an effort to contact Education to resolve the outstanding debt.

To the extent Plaintiff requests damages for violation of his due process rights, sovereign immunity acts as a complete bar because federal agencies like BFS and Education have not waived their sovereign immunity in cases of constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001). Plaintiff provides no other theory for recovery of damages against BFS or Education.

Regarding Plaintiff's request for injunctive relief to "dismiss the claims," which the Court interprets as a request for Defendants to cease collection efforts,[5] sovereign immunity bars the

---

[5] In *Bright III*, the Court construed Plaintiff's request to "'cease all action on [P]laintiff's S.S. benefits'" as a request for injunctive relief against Education to prevent the continued offset of Plaintiff's Social Security benefits. *Bright III*, 2018 WL 4926307, at *2 (alteration in original). The Eighth Circuit upheld the Court's interpretation and decision to deny injunctive relief because of sovereign immunity and the anti-injunction provision of the Higher Education Act, 20 U.S.C. § 1082(a)(2), without comment. *See Bright IV*, 2019 WL 2152671, at *1.

Court's jurisdiction. As noted above, Plaintiff cites no authority suggesting Education or BFS have waived their sovereign immunity against injunctive or declaratory actions.[6] Further, in the case of BFS's efforts to collect Plaintiff's delinquent taxes, the Anti-Injunction Act affirmatively bars Plaintiff's request: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." I.R.C. § 7421(a). Additionally, the Higher Education Act bars any injunction against Education: "no attachment, injunction, or other similar process … shall be issued against the Secretary [of Education]," 20 U.S.C. § 1082(a). Plaintiff advances no other theories justifying his request for injunctive relief.

The only remaining claims for relief are against the John and Jane Does. Plaintiff provides no details about the unidentified individuals, including whether they even work for either named agency, but the Court will liberally construe them as Education and BFS employees. Plaintiff alleges only that he contacted an IRS official about a recent income tax lien, which the IRS official then allegedly lifted. (Doc. 14 at 2.) Plaintiff alleges the official told him some unspecified BFS action against him was illegal but provides no details or cognizable legal theory supporting the official's claimed belief. Without more, Plaintiff fails to adequately allege any illegal action taken by any individual—let alone actions supporting a claim under 42 U.S.C. §§ 1983 or 1985.[7] Therefore, Plaintiff has omitted a necessary element to his claim, warranting its dismissal under 12(b)(6). *See Twombly*, 550 U.S. at 570.

## Conclusion

Accordingly, and after careful consideration, Defendants' motion to dismiss (Doc. 11) is **GRANTED** and the case is **DISMISSED without prejudice.**

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: July 21, 2021

---

[6] The Eighth Circuit previously affirmed the Court's dismissal of Plaintiff's request for injunctive relief on the same grounds. *See Bright IV*, 2019 WL 2152671.

[7] The Eighth Circuit upheld the Court's similar construction of the claim in *Bright I* and its decision to dismiss it for failure to state a claim because Plaintiff did not allege any individual action taken under the color of law or any conspiracy to deprive any right. *See Bright II*, 2011 WL 2306002, at *2.